## In re BERLAND.

### BERLAND et al. v. BUELL.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1925. Rehearing Denied October 1, 1925.)

No. 3535.

1. **Bankruptcy ⊜288(1)—Ordinarily rights of adverse claimants cannot be affected by summary proceedings in bankruptcy.**

Ordinarily rights of adverse claimants cannot be affected by summary proceedings in bankruptcy.

2. **Bankruptcy ⊜288(1)—Rights of adverse claimants to property in possession of bankrupt at time of bankruptcy may be determined in summary proceedings in bankruptcy.**

Where property at time of bankruptcy is in possession of bankrupt, rights of adverse claimants may be determined in summary proceedings in bankruptcy.

3. **Bankruptcy ⊜446—Decree in summary proceeding adjudicating title to property, based on referee's finding of fact of possession in bankrupt at time of bankruptcy, will not be disturbed.**

Decree in summary proceeding adjudicating title to property, in setting aside a mortgage and quitclaim deed of bankrupt made after bankruptcy, based on referee's finding of possession of land involved in bankrupt at time of bankruptcy, would not be disturbed by Circuit Court of Appeals.

4. **Bankruptcy ⊜446—That decree setting aside mortgage and quitclaim deed given after bankruptcy did not set aside deeds given prior to bankruptcy held matter of which adverse claimants could not take advantage in bankruptcy proceeding.**

That decree setting aside mortgage and quitclaim deed given after bankruptcy did not set aside deeds given prior to bankruptcy *held* matter of which petitioners, as adverse claimants, could not take advantage, since outstanding rights not adjudicated by decree can be considered when it is undertaken to affect such outstanding rights.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Philip Berland, bankrupt. A petition by Edwin D. Buell, trustee, to set aside conveyances by bankrupt was answered by Dora Berland and others, who petition to revise decree for the trustee. Petition to revise denied.

Petitioners ask revision of a decree, made in a summary proceeding, holding void certain conveyances to them of real estate which once belonged to the bankrupt, who is the husband of petitioner Dora Berland. It appears that bankrupt took title to the property in October, 1921; and that on July 19, 1922, he and his wife deeded it to one Louis Foos, and that on January 30, 1923, Foos conveyed it to petitioner Dora Berland; that on July 27, 1923, bankrupt filed his voluntary petition in bankruptcy, and on February 12, 1924, bankrupt and his wife executed a mortgage upon the property to petitioner Ida Sandlow to secure the payment of $2,326.26; and that on March 12, 1924, bankrupt and his wife, for purported consideration of $1,000, executed their quitclaim deed of the property to petitioners Eva Resnick and Celia Sandlow.

The trustee filed in the District Court his petition and afterwards his amended petition to have said conveyances declared null and void, and to have the property sold as the property of the bankrupt. Petitioners herein filed answers setting up that they were adverse claimants of the property, and denying that bankrupt was at the time of the bankruptcy in possession of the property, or that the trustee was ever in possession of it, and each protesting that the court was without jurisdiction in the summary proceeding to adjudicate their rights, and asking that the trustee's petition be dismissed.

The referee found the facts as above stated, and that the said conveyances to Foos and from Foos to Dora Berland were not conveyances, but a guise and a sham, and that the title to the property was at the time of the bankruptcy held by Dora in trust for the bankrupt, and for his use and benefit, and that the bankrupt was the true and real owner thereof; that the above-named mortgage to petitioner Ida Sandlow and quitclaim deed to petitioners Eva Resnick and Celia Sandlow were in fact conveyances by the bankrupt, made after bankruptcy and without any consideration; and that since the bankrupt's purchase of said premises he has at all times remained in full possession and control thereof, paid the taxes and the various mortgage installments as they became due upon prior mortgages thereon, and has collected the rents from the flat on the second floor, and has occupied the first floor of the premises and conducted his business therein, and was so in possession of

the property before, at the time, and ever since the filing of the petition in bankruptcy herein. The findings of the referee constitute all the record shows as to the facts.

It was decreed that the quitclaim deed and mortgage given after the bankruptcy be set aside and held for naught, and the title to the property be vested in the trustee of the bankrupt.

B. M. Shaffner, of Chicago, Ill., for petitioners.

Gilbert F. Wagner, of Chicago, Ill., for respondent.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1-3] The principal question is as to the right of the court to proceed summarily. There is no doubt that ordinarily the rights of adverse claimants cannot be affected by summary proceedings in the bankruptcy. But it is otherwise where at the time of the bankruptcy the property is in possession of the bankrupt. The situation respecting possession is here quite like it was in Re John Minnee Ass'n, 1 F.(2d) 317, where we held that the referee's finding of possession in the bankrupt could not upon that record be disturbed, and that a decree in a summary proceeding adjudicating the title to the property must be sustained.

[4] It is further contended by petitioners that the decree does not in terms set aside the deeds made prior to the bankruptcy to Foos and to Dora Berland, and that in this respect it is erroneous. We do not regard this as a matter whereof petitioners may here take advantage. If the decree leaves outstanding rights not adjudicated by it, that would be for consideration if and when it is undertaken to affect such outstanding rights.

The petition to revise is denied.